BASTIAN *v.* J. H. DU PREY CO.

1. CONTRACTS—MUTUALITY.
   To constitute valid contract, there must be mutuality of obligation.

2. SAME.
   Contract whereby plaintiff agreed to plant certain acreage to cucumber pickles following season, and deliver to defendant all cucumbers grown, which defendant agreed to accept and pay for on delivery, *held*, not void for want of mutuality.

Appeal from Monroe; Root (Jesse H.), J. Submitted November 4, 1932. (Docket No. 222, Calendar No. 36,817.) Decided December 6, 1932.

Assumpsit by Caesar A. Bastian against J. H. Du Prey Company, a Michigan corporation, for breach of a contract to buy cucumber pickles. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Wm. F. Haas* (*L. A. Schrader,* of counsel), for plaintiff.

*Golden, Nadeau & Fallon,* for defendant.

Potter, J.   Plaintiff sued defendant to recover damages for breach of a written contract as follows:

"Contract
"J. H. DuPrey Company
"2120 Bellevue Ave.
"Detroit, Michigan

"Station—Lulu

"February 25, 1931.

"C. A. Bastian, party of the second part, agrees with J. H. DuPrey Co., party of the second [first] part, to plant, cultivate and care for five acres or more of cucumber pickles in season of 1931, and deliver in good condition all cucumber pickles grown by me, in baskets or crates properly assorted on day picked, for which party of the first part agrees to pay on delivery as follows:

"All sound pickles, free of nubs and crooks, 1-in. to 3-in. in length, counting not less than 900 to the bushel ...........................$3 per 100 lbs.

"All sound pickles, free of nubs and crooks, 3-in. to 6-in. in length...................$1 per 100 lbs.

"Small nubs and crooks, under 4½-in.....$0.70 per 100 lbs.

"Pickles must be sorted carefully before delivery.

"Party of the first part reserves the right to accept not more than 25 per cent. of large on each delivery.

"J. H. DuPrey Company.

"George Todd ............Party of the first part.
"C. A. Bastian .........Party of the second part.
"R. F. D. Address, Samaria.
"Distance and direction from town..1....1½....
"N. S. E. W."

Plaintiff recovered a judgment of $1,140.86, which judgment was reduced by the trial court on motion to $600. Defendant brings error, claiming the contract was void for want of mutuality, and there was no competent evidence to support the judgment. There is no question but in order to constitute a valid contract there must be mutuality of obligation. 13 C. J. p. 331. The contract in question was not void for want of mutuality. 13 C. J. p. 335.

"It is not necessary that the consideration should exist at the time of making the promise, for if the person to whom the promise is made, should incur any loss, expense or liability, in consequence of the promise, and relying upon it, the promise thereupon becomes obligatory. Thus, if A. promise B. to pay him a sum of money if he will do a particular act, and B. does the act, the promise thereupon becomes binding, although B. at the time of the promise does not engage to do the act. In the intermediate time, the obligation of the contract or promise is suspended; for until the performance of the condition of the promise, there is no consideration, and the promise is *nudum pactum;* but on the performance of the condition by the promisee, it is clothed with a valid consideration, which relates back to the promise, and it then becomes obligatory as an express

promise.  See Chitty on Contracts (3d Am. Ed.), 7, and notes and cases there cited; 2 Kent's Commentaries (3d Ed.), 465; *Knobb* v. *Lindsay,* 5 Ohio, 468, 471; Theobald on Principal and Surety, 6, 7." *People* v. *Taylor,* 2 Mich. 250, 253.

Plaintiff gave evidence tending to show defendant rejected more than 75 per cent. of the large pickles grown by him and tendered to defendant; that defendant refused to accept any pickles at all from plaintiff after September 26, 1931, and the defendant refused to accept some of the number 2 pickles tendered by the plaintiff.  The judgment was fairly within the range of the evidence.

Affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.